

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: JPMORGAN CHASE PAYCHECK PROTECTION PROGRAM LITIGATION | MDL No. 2944 |

ORDER DENYING TRANSFER

**Before the Panel**:[*] The actions before the Panel involve allegations that JPMorgan Chase Bank, N.A., and JPMorgan Chase & Co. (together, "Chase") failed to properly process applications for loans under the Paycheck Protection Program ("PPP"), a federal loan program established under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help small businesses suffering economic damage from COVID-19 related shutdowns.[1] Plaintiff in one action (*Hyde-Edwards Salon & Spa*) filed a motion under 28 U.S.C. § 1407 to centralize nine actions in the Southern District of California. Separately, plaintiffs in two other actions (*Cyber Defense Group* and *Kull*) filed a motion for centralization of the same nine actions, as well as a tenth one, in the Central District of California. Plaintiffs in *Cyber Defense Group* and *Kull* recently dismissed their actions, and presumably are no longer pursuing their motion. However, whether to centralize this litigation remains a live issue among the parties to seven remaining actions,[2] which are listed on Schedule A. Additionally, the Panel has been notified of four related actions.

Responding plaintiffs in two actions on the motion (*Legendary Transport* and *Sha-Poppin Gourmet Popcorn*) and one related action (*KPA Promotions*) support centralization. They variously propose the Central District of California, Southern District of California, and Northern District of Illinois as the transferee district. Plaintiff in one action (*Outlet Tile*) opposes centralization.

Defendant Chase opposes centralization and, alternatively, proposes the District of Colorado or Northern District of Texas as the transferee district. Defendant Phunware, Inc., which is sued in one action (*Sha-Poppin Gourmet Popcorn*), opposes centralization and, alternatively, seeks separation and remand of the claims against Phunware and other loan recipient defendants to its

---

[*] Judge David C. Norton took no part in the decision of this matter.

[1] This docket was heard at the July 30, 2020 hearing session with two other dockets involving the alleged mishandling of PPP loan applications. *See* MDL No. 2952, *In re: Bank of America Paycheck Protection Program Litigation*; MDL No. 2954, *In re: Wells Fargo Paycheck Protection Program Litigation*.

[2] One other action involving an unrelated agent fees class complaint (*American Video*) previously was removed from the motions for centralization at the request of movants and defendants. *See* Minute Order, ECF No. 84 (J.P.M.L. June 8, 2020).

Case: 1:20-cv-02523 Document #: 41 Filed: 08/05/20 Page 2 of 4 PageID #:178
Case MDL No. 2944 Document 105 Filed 08/05/20 Page 2 of 4

-2-

originating court, the Northern District of Illinois. Defendants RCHS Operations, Inc., and RCSH Operations, LLC (together, "RCSH") assert that RCSH should not be part of the *Sha-Poppin* action regardless of where it proceeds, but concurs in Phunware's request for separation and remand; alternatively, RCSH suggests centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held,[3] we will deny plaintiff's motion. Although these actions share factual questions arising out of allegations that Chase failed to implement and follow federal regulations requiring that PPP loan applications be processed on a "first-come, first-served" basis, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. On the present record, it appears that individualized factual issues concerning the circumstances of each loan application will significantly diminish the potential efficiencies from centralization.[4] Additionally, the number of involved actions is limited and appears unlikely to grow. In fact, two actions have been voluntarily dismissed since the filing of the first motion for centralization, and in a third action (*Outlet Tile*), the underlying docket indicates that settlement discussions are underway.[5] There are only four potential tag-along actions.

In the present circumstances, voluntary coordination among the parties and the involved judges is preferable to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. Such coordination appears practicable in this litigation, considering the limited number of actions and districts. Additionally, common defendant Chase is represented by the same counsel in all actions, and represents in the Panel briefing it will support informal coordination of any overlapping discovery and other pretrial activities.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

---

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2944 (J.P.M.L. July 14, 2020), ECF No. 99.

[4] Plaintiffs allege different obstacles to submitting their applications, and the record indicates that some applications were granted, some were denied, and some were incomplete or never submitted. These differences will result in substantial case-specific factual issues, motions, and discovery. *See In re Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353 (J.P.M.L. 2012) (denying centralization where "individualized discovery and legal issues are likely to be numerous and substantial").

[5] At oral argument, counsel for Chase represented that dismissal of an unnamed action was forthcoming soon.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry     Nathaniel M. Gorton
Matthew F. Kennelly

**IN RE: JPMORGAN CHASE PAYCHECK PROTECTION PROGRAM LITIGATION**  MDL No. 2944

## SCHEDULE A

<u>Central District of California</u>

OUTLET TILE CENTER v. JPMORGAN CHASE AND CO., ET AL., C.A. No. 2:20-03603
LEGENDARY TRANSPORT, LLC v. JPMORGAN CHASE & CO., ET AL.,
  C.A. No. 2:20-03636

<u>Southern District of California</u>

HYDE-EDWARDS SALON & SPA v. JPMORGAN CHASE & CO., ET AL.,
  C.A. No. 3:20-00762

<u>District of Colorado</u>

LADAGA VENTURES LLC v. JPMORGAN CHASE BANK, N.A., C.A. No. 1:20-01204

<u>Northern District of Illinois</u>

SHA-POPPIN GOURMET POPCORN LLC v. JPMORGAN CHASE BANK, N.A, ET AL.,
  C.A. No. 1:20-02523
SHINY STRANDS, INC. v. JPMORGAN CHASE & CO., C.A. No. 1:20-02547

<u>Northern District of Texas</u>

STARWALK OF DALLAS, LLC, ET AL. v. JPMORGAN CHASE & CO.,
  C.A. No. 3:20-01005